IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAKESIA TRENT, | : | CIVIL ACTION |
| | : | NO.  10-1290 |
| v. | : | |
| | : | |
| TEST AMERICA, INC., et al. | : | |

O'NEILL, J.                                                                                   August 16, 2011

**<u>MEMORANDUM</u>**

Plaintiff Lakesia Trent has sued defendants Test America, Inc. and Aerotek Scientific,

LLC alleging race discrimination and retaliation and seeking redress under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981,

and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, et seq.  Aerotek moves to dismiss

counts I and II of plaintiff's amended complaint as against it.  For the reasons that follow, I will

grant defendant's motion.

**BACKGROUND**

Plaintiff, an African-American female, alleges that she was "hired by the Defendants" in

October 2007 as a Gas Chromatography Analyst.  Am. Compl. at ¶¶ 22-23.  Her amended

complaint does not specify which defendant hired her but alleges that "the Defendants jointly

employed the Plaintiff."  Id. at ¶ 10.  Answering plaintiff's amended complaint, Test alleges that

plaintiff was employed by Aerotek, not by Test, and that plaintiff worked at Test as a temporary

employee.  Test Answer at ¶¶ 23-24.  Aerotek supplies temporary staffing services on a contract

basis to clients and, in its motion to dismiss, confirms that plaintiff is its former employee and

that she worked as a lab technician for its client, Test.  Aerotek Mot. Mem. at 1 & 1 n.1.  In June

2008, plaintiff filed a charge of race discrimination against Test with the Equal Employment

Opportunity Commission.  Pl.'s Am. Compl. at ¶ 19(a).  On August 27, 2008, plaintiff was

terminated.  Id. at ¶ 35.  Test claimed that plaintiff was terminated due to a slowdown in its

workload.  Id.  Plaintiff claims that she was terminated and "replaced" by a white employee in

retaliation for her June 2008 EEOC filing.  Id. at ¶¶ 34-36.  She filed a second EEOC charge

against Test alleging retaliation on April 9, 2009.[1]  Aerotek Reply to Pl.'s Opp'n at 4.  On

October 15, 2009, plaintiff dual-filed a third charge with the EEOC and the Pennsylvania Human

Relations Commission, this time alleging that Aerotek had discriminated against her.  Id.  On

December 23, 2009, the EEOC issued a right to sue letter with respect to plaintiff's August 27,

2008 and April 9, 2009 charges against Test.  Am. Compl. at ¶ 19c.  On March 24, 2010,

Plaintiff filed a complaint in this action, naming Test as the only defendant.  The PHRC issued a

right to sue letter with respect to plaintiff's October 15, 2009 charge against Aerotek on or

around July 9, 2010.  Aerotek Mot. Mem. at 2.  On August 2, 2010, plaintiff filed an amended

complaint in which she named both Test and Aerotek as defendants.  However, Plaintiff's

Amended Complaint makes no reference to her October 15, 2009 charge against Aerotek.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an

action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief

---

[1]      Plaintiff's amended complaint alleges that her June 6, 2008 and April 9, 2009
EEOC charges were filed "against the Defendants."  Pl.'s Amended Compl. at ¶ 19(a), (b).
However, Aerotek contends that it was not named as a party to either of these charges, a fact
plaintiff appears to concede in her response to Aerotek's motion to dismiss.  Pl.'s Response to
Def.'s Mot. to Dismiss (Dkt. No. 38) at 7-8.

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter Sch.Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950 . The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) . "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" <u>Iqbal</u>, 129 S. Ct. at 1949.

## DISCUSSION

Aerotek moves to dismiss plaintiff's Title VII claims against it, asserting that plaintiff's amended complaint, which references only her June 2008 and April 2009 EEOC filings, does not sufficiently allege that she exhausted her administrative remedies with respect to her claims against Aerotek. Aerotek Mot. Mem. at 4. Plaintiff counters that the claims against Aerotek set forth in counts I and II of her amended complaint do not rest on her filing of an EEOC charge against Aerotek but are instead premised on a commonality of interests between Aerotek and Test. Pl.'s Opp'n at 1.

Title VII claims ordinarily require administrative exhaustion before judicial remedies can be invoked. <u>Webb v. Bd. of Educ. Of Dyer Cnty., Tenn.</u>, 471 U.S. 234, 247-248 (1985). "'[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" <u>McKart v. U.S.</u>, 395 U.S. 185, 193 (1969), <u>quoting</u> <u>Myers v. Bethlehem Shipbuilding Corp.</u>, 303 U.S. 41, 50-51 (1938); <u>see also</u> <u>Equal Emp't Opportunity Comm'n v. Pathmark, Inc.</u>, No. 97-3994, 1998 WL 57520, at *5 (E.D. Pa. Feb. 12, 1998), <u>citing</u> <u>Hicks v. Arthur</u>, 843 F. Supp. 949, 956 (E.D. Pa. 1994) ("The federal court lacks subject matter jurisdiction to hear Title VII claims unless the claims have been previously filed with the EEOC . . . ."); <u>Diamente v. Wallenstein</u>, No. 89-9014, 1990 WL 139399, at *3 (E.D. Pa. Sept. 19, 1990) ("Section 2000e-5(f)(1) of Title 42 requires that a plaintiff exhaust her administrative remedies with the Equal Employment Opportunity Commission . . . before bringing a Title VII claim in this court."). "The purpose of requiring an aggrieved party to resort

-4-

first to the EEOC is twofold: to give notice to the charged party and provide an avenue for

voluntary compliance without resort to litigation." <u>Glus v. G. C. Murphy Co.</u>, 562 F.2d 880, 888

(3d Cir. 1997)

    The Court of Appeals for the Third Circuit established a narrow exception to the

administrative exhaustion requirement in <u>Glus v. G. C. Murphy Co.</u>, 629 F.2d 248, 251 (3d Cir.

1981), vacated on other grounds, 451 U.S. 935 (1981), finding that Title VII claims against a

party not named in an EEOC charge could proceed where the complaint before the EEOC had

named a party whose interests were the same as those of the unnamed party, the named and

unnamed parties shared the same attorney, and the unnamed party had received notice of the

claim.  <u>Id.</u>  In reaching its conclusion, the Court enumerated four factors relevant to a

determination as to whether a plaintiff may bring suit against a party who has not been named in

an EEOC charge:

> 1) whether the role of the unnamed party could through reasonable
> effort by the complainant be ascertained at the time of the filing of
> the EEOC complaint;
>
> 2) whether, under the circumstances, the interests of a named are
> so similar as the unnamed party's that for the purpose of obtaining
> voluntary conciliation and compliance it would be unnecessary to
> include the unnamed party in the EEOC proceedings;
>
> 3) whether its absence from the EEOC proceedings resulted in
> actual prejudice to the interests of the unnamed party;
>
> 4) whether the unnamed party has in some way represented to the
> complainant that its relationship with the complainant is to be
> through the named party.

<u>Id.</u>

    I find that plaintiff's amended complaint does not sufficiently allege a commonality of

interests between Aerotek and Test to warrant application of the limited exception set forth in
Glus.  Plaintiff asserts that "the interests of Aerotek are so similar to those of Test that, for the
purpose of obtaining voluntary conciliation and compliance, it was not necessary to name
Aerotek as a respondent in the EEOC charges."  Pl.'s Opp'n at 8.  However, plaintiff must
provide more than a "formulaic recitation" that Aerotek and Test share common interests and her
"[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."
Twombly, 550 U.S. at 555.  Her amended complaint alleges that

> [u]pon information and belief, because of their interrelation of
> operations, common ownership or management, centralized control
> of labor relations, common ownership or financial controls, and
> other factors, see infra, the Defendants are sufficiently interrelated
> and integrated in their activities, labor relations, ownership and
> management that they may be treated as a single employer of the
> Plaintiff for purposes of the instant action.

Am. Compl. at ¶ 7.  The direction in this paragraph to "see infra" suggests that facts alleged
elsewhere in plaintiff's amended complaint lend further support to her allegation that Test and
Aerotek shared centralized control, interrelated operations, a common business goal or other
common interests.  However, plaintiff's amended complaint includes no such facts.  Her general
allegations are not sufficient to support an inference that Test and Aerotek share a relationship
that would warrant a finding that the commonality of interests prong is met.  See Lightcap-Steele
v. KidsPeace Hosp., Inc., No. 05-2578, 2006 WL 1147476, at *7 (E.D. Pa. Apr. 27, 2006)
(finding the plaintiff failed to exhaust her administrative remedies as to unnamed defendant
where, inter alia, she made "no presentation on the factor as to whether [the unnamed
defendant's] interests "are so similar" to those of any of the named parties in the EEOC
proceedings that it should be considered unnecessary, for the purpose of obtaining voluntary

conciliation, to have named [the unnamed defendant]").

    In support of its contention that plaintiff cannot establish that Aerotek had common interests with Test, Aerotek argues that defendants will not present a joint defense in this action and are subject to independent liability.  Faced with similar circumstances in Smith v. Delaware River Stevedores, No. 07-1864, 2008 WL 4890135, at * 4 (E.D. Pa. Nov. 10, 2008), the Court found that the interests of the named defendant were not so similar to those of the unnamed defendants "that it would have been unnecessary to include them in conciliation."  The named defendant "sought before the EEOC to shift any responsibility for alleged discrimination or retaliation on to" the unnamed defendants, making their presence "necessary, or at least very helpful, to resolving [the plaintiff's] claims through informal conciliation."  Id.; contra Cronin v. Martindale Andres & Co., 159 F. Supp. 2d 1, 11 (E.D. Pa. 2001) (finding sufficient commonality of interests between a defendant named in an EEOC charge and an unnamed defendant where it was clear that they "did not have divergent interests in the resolution of plaintiff's complaint, and that [the named defendant], if it chose to do so, could have brought about a final resolution on behalf of both itself and [the unnamed defendant]").  I will not apply the Glus exception to excuse plaintiff's failure to allege in her amended complaint that she exhausted her administrative remedies as to Aerotek.

    Further, I will dismiss with prejudice counts I and II of plaintiff's amended complaint with respect to Aerotek because amendment of plaintiff's amended complaint would be futile.  "Proposed claims that cannot withstand a motion to dismiss on statute of limitations grounds are futile."  Plumley v. S&D Mktg. Inc., No. 10-4295, 2011 WL 2550434 (E.D. Pa. Jun. 23, 2011) (citations omitted).  Plaintiff's Title VII claims against Aerotek are untimely regardless of

whether they are premised on her June 2008 and April 2009 EEOC charges against Test or her

October 2009 EEOC charge against Aerotek.

  Even if plaintiff could set forth sufficient allegations of a commonality of interests

between Aerotek and Test in an amended complaint to allow her claims against Aerotek to be

premised on her June 2008 and April 2009 EEOC charges against Test, her claims against

Aerotek would be time barred.  After a claimant receives a right to sue letter from the EEOC, she

has 90 days to file a complaint in federal court.  42 U.S.C. § 2000e-5(f)(1).  The Court of

Appeals for the Third Circuit has "strictly construed the 90-day period and held that, in the

absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and

may be dismissed." Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d

Cir. 2001).  Although plaintiff filed her complaint against Test within 90 days of receipt of her

right to sue letter, she did not name Aerotek as a party to this action until 222 days after the

EEOC issued its right to sue letter with respect to the June 2008 and April 2009 EEOC charges –

well outside of the 90 day period.  See Rosenberg v. Vuoto, No. 10-3526, 2010 WL 4259596, at

*4 (dismissing Title VII claims where plaintiff filed her complaint more than 7 months after

issuance of right to sue letter).  There is no equitable basis for tolling the 90 day period with

respect to plaintiff's claims against Aerotek.  Equitable tolling is generally appropriate in Title

VII cases only when "the defendant has actively misled the plaintiff; the plaintiff 'in some

extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted

her rights in the wrong forum." Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 240

(3d Cir. 1999) (citations omitted).  Plaintiff bears the burden to show that equitable tolling is

warranted. Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir. 2005).

To the extent that plaintiff's claims against Aerotek cannot be premised on the June 2008 and April 2009 EEOC charges against Test, she must rely on her October 2009 EEOC charge against Aerotek.  However, even if plaintiff were allowed to amend her complaint to include allegations relevant to the October 15, 2009 EEOC charge, her Title VII claims against Aerotek would be time-barred and futile.  Although plaintiff received a right to sue letter from the PHRC with respect to the claims set forth in the October 2009 charge, "[t]he issuance of a right to sue letter, without more, is not determinative of timely filing before the EEOC."  Oswald v. Gibbons, No. 10-6093, 2011 WL 2135619, at *4 (E.D. Pa. May 31, 2011), citing Kocian v. Getty Ref. & Mktg. Co., 707 F.2d 748, 754 n.9 (3d Cir. 1983), superceded on other grounds by 29 C.F.R. § 1601.13(a)(4); see also Urban v. Bayer Corp. Pharm. Div., 245 Fed. App'x 211, 213 (3d Cir. 2007) (holding EEOC's issuance of a right to sue letter did not conclusively prove timely filing of an EEOC charge).  Under Title VII, claims of discrimination or retaliation in employment must be brought within 180 days of the occurrence of the unlawful employment practice.  Burgh v. Borough Council, 251 F.3d 465, 469 (3d Cir. 2001); see also 42 U.S.C. § 2000e-5(e)(1).  Because plaintiff dual-filed her charge with the PHRC, the applicable statute of limitations period is extended to 300 days.  42 U.S.C. § 2000e-5(e)(1).  Counting backward 300 days from October 15, 2009, it follows that the only discriminatory acts to survive the statute of limitations would be acts that took place on or after December 19, 2008.  Each of the allegations of discrimination and retaliation set forth in paragraphs 25 through 35 of plaintiff's amended complaint occurred prior to December 19, 2008.  Am. Compl. ¶¶ 25-35.  Plaintiff's time-barred allegations include denial of training and termination and are not continuing violations that can extend the statute of limitations.  See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir.

2006) (identifying discrete acts for which the limitations period runs from the act as including "termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, [and] wrongful accusation.").

I will dismiss with prejudice counts I and II of plaintiff's amended complaint as against defendant Aerotek.  I need not discuss plaintiff's arguments with respect to her claims against Aerotek under Section 1981 as Aerotek has not moved to dismiss them.

An appropriate Order follows.